NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON TORRES, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 03-2732 (DMC) |
| UNITED STATES OF AMERICA, : | Criminal No. 01-077-02 (DMC) |
| : | |
| Respondent. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court on a petition for writ of habeas corpus relief by Ramon Torres ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by Michael F. Buchanan, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is hereby **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

I. BACKGROUND

    On February 1, 2001, Petitioner and his Co-defendant were arrested for engaging in a conspiracy to import cocaine to the United States from Panama. (Respondent's Answer ("Answer") at 1). On November 29, 2001, Petitioner plead guilty to a one-count indictment that

-1-

charged Petitioner with knowingly and intentionally conspiring and agreeing with his Co-defendant and others to import more than 500 grams of cocaine into the United States from Panama during the period between August 2000 and October 2000. (Id. at 2)  As part of the written Plea Agreement ("Agreement"), Petitioner and Respondent stipulated: (1) the applicable guideline was U.S.S.G. § 2D1.1; (2) the base offense level was 28; (3) Petitioner earned an additional decrease of two levels due to his acceptance of responsibility; (4) Petitioner earned an additional decrease of one level by timely notifying authorities of his intention to plea guilty. (Id.)

At the plea hearing, Petitioner admitted to hiring and paying his Co-defendant to recruit others to aid in their conspiracy to import cocaine. (Id.)  The agreement was summarized on the record and both Petitioner's counsel and Petitioner agreed the summary was accurate. (Id. at 3). Petitioner testified that he read, understood and voluntarily signed the plea agreement. (Id.) Petitioner stated that he understood he could not withdraw his guilty plea if he received a sentence more severe than he expected. (Id.)

At the sentencing on April 19, 2002, this Court heard argument and found that because Petitioner played a managerial and supervisory role in the offense, Petitioner's conduct warranted a two-level increase. (Id.)  This Court also found Petitioner ineligible for the "safety valve" provision due to role as the leader in the offense. (Id.)  This Court then sentenced Petitioner to 70 months of imprisonment, four years of supervised release, and a special assessment of $100. (Id. at 4).

On December 16, 2002, Torres appealed his sentencing before the Court of Appeals, which found the two-point increase more than justified. (Id.)  Petitioner then filed  habeas

petition before this Court on May 23, 2003.

## II. DISCUSSION

### A. Standard for Ineffective Assistance of Counsel

A defendant must meet a high standard to be successful on a claim for ineffective assistance of counsel. A defendant making such a claim must first show his attorney's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficiency, a defendant must prove the errors committed by his lawyer were so serious that his attorney failed to function as "counsel" guaranteed by the Sixth Amendment. Id. Second, a defendant must show that his attorney's deficient performance actually prejudiced his defense. In order to demonstrate this, a defendant must show his counsel's errors were so egregious, the defendant was deprived of a fair trial. Id. A trial is considered fair if the result is reliable. Id.

A court will consider a lawyer's performance effective if his performance appears reasonable under the prevailing professional norms. Id. at 688. Reasonableness is determined by examining a lawyer's performance and considering the information available to the attorney at the time of the trial. Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991). It is not judged by "the distorted lense of hindsight." Id. The reviewing court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and must not second-guess decisions the lawyer made during the trial. Strickland, 466 U.S. at 689.

In addition to meeting these requirements, the Supreme Court of the United States has discussed this topic further stating:

> The representations of the defendant, his lawyer, and the prosecutor at such

> a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 74 (1977). In order to overcome this presumption of verity, Petitioner must put forth specific and credible allegations that his statements in open court made due to either a misunderstanding, duress, or a misrepresentation. Lesko v. Lehman, 925 F.2d 1527, 1538 (3d Cir. 1991).

### B. Petitioner's Failure to Meet the Standard

Petitioner alleges his attorney was ineffective for failing to explain the "elements of the case against him" which lead him to make an involuntary guilty plea. (Petitioner's Brief in Support of his § 2255 Motion ("Pet. Br.") at 14). Petitioner claims he was not informed of the elements that trigger a sentencing enhancement or the impact such an enhancement could have on his sentence. Due to his ignorance on these issues and his lawyer's failure to provide guidance on these topics, Petitioner claims he entered into the Agreement in an "unknowing" and "unintelligent" state. (Id. at 12).

Petitioner's allegations contradict the sworn testimony he made during his sentencing. (Transcript of Sentencing Proceedings ("Transcript") at 12-13). At his sentencing, Petitioner stated that he signed his plea agreement "voluntarily." (Transcript at 12). When asked if there were any "questions or concerns his attorney had not adequately answered," Petitioner answered "no." (Id.) Petitioner also stated that he was "satisfied" with his attorney's performance. (Id. at 13-13). In addition to his sworn testimony, Petitioner also signed the Plea Application, which

stated, "I believe that my lawyer has done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help my lawyer has given me." "  (Petitioner's Application to Enter a Guilty Plea ("Pet. App.") at ¶ 39).  Also, when this Court asked Petitioner "is the decision to enter a plea of guilty your decision or your attorney's decision,"the Petitioner responded under oath, "I did it myself." (Transcript at 11).  Finally, this Court had the Prosecutor re-state the possible penalties in the Agreement and Petitioner stated that he was both aware these penalties existed and that he understood this Court did not yet know which sentence he would receive for his guilty plea.  (Id. at 14).  Petitioner also stated that he and his attorney had discussed the possible sentences he could receive and he that he fully understood the consequences of entering a guilty plea.  (Id.)

      Petitioner has failed to present any evidence that meets the above standard.  Petitioner has not demonstrated he entered the plea agreement under duress, nor has he adequately shown he entered the agreement due to a misunderstanding or misinformation.  During his sentencing proceedings, Petitioner repeatedly told this Court he understood the Agreement and the consequences of entering a guilty plea.  Petitioner also told this Court that his lawyer had adequately explained everything to him and that it was his decision and not his lawyer's to enter a guilty plea.  Claiming he misunderstood because he did not like the result is not enough to satisfy the burden the Supreme Court requires to prove ineffective assistance of counsel.

      Petitioner also claims his attorney did not properly assist him by not failing to raise all of the issues on appeal.  (Pet. Br. at 22).  However, Petitioner failed to state with any specificity these issues his lawyer failed to raise.   Petitioner also did not show that his appeal would have

ended differently if his attorney had taken a different approach or raised any other issues. Petitioner fails to meet the required standard. Therefore, his claims for ineffective assistance of counsel are dismissed as well as his request to withdraw his plea.

### C. Alleged Government Misconduct

In addition to alleging ineffective assistance of counsel, Petitioner also claims Respondent is guilty of misconduct. Petitioner asserts he was promised a five-point reduction from his base level offense. (Pet. Br. at 19). However, Petitioner fails to produce adequate evidence showing Respondent breached the Agreement. The Agreement does not guarantee a five point reduction. The parties stipulated to a two-point reduction for acceptance of responsibility and a one-point reduction for entering a plea, both of which Petitioner received. (Transcript at 8-9). If Petitioner believed the Agreement was supposed to contain this reduction, he should have raised this issue with the Court before he signed it under oath.

Furthermore, the Agreement stated, "This [U.S. Attorney's] Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Ramon Torres, or as to what sentence Ramon Torres ultimately will receive. This Office, however, does reserve its right to take a position with respect to the appropriate sentence to be imposed on Ramon Torres by the sentencing judge." (Agreement at 3). Petitioner stated under oath that he understood the Agreement. In addition, when asked by this Court "has anybody told you or promised you that you might get a specific sentence if you plead guilty," Petitioner answered "no" on the record and under oath. (Transcript at 10). Therefore, Petitioner cannot now argue he did not understand this statement written by Respondent or that Respondent

misrepresented the sentence he could receive.

In addition, this Court also asked Petitioner at his sentencing, "has anyone given you any suggestion, indication, or promise that if you plead guilty here today what sentence I will impose on you," to which Petitioner responded "no."(Transcript at 10). Petitioner cannot now claim Respondent made false promises in order to convince him to enter a guilty plea. For these reasons Respondent is not guilty of any misconduct.

### III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**. Consequently, the matter is hereby **dismissed**.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:        October 26, 2005
Original:    Clerk's Office
Cc:         All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File